# THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF MONTANA

# BUTTE DIVISION

| | |
|---|---|
| CARLOS KIDD,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>SHERRIE KITTO and CHRIS ALSTRIN,<br><br>　　　　Defendants. | Cause No. CV 12-00061-GF-SEH-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS |

Plaintiff Carlos Kidd, a Texas state prisoner, proceeding without counsel, has filed a motion to proceed in forma pauperis and a proposed complaint alleging two loan officers at Rocky Mountain Bank in Bozeman, Montana illegally withdrew three million dollars from his prison account. C.D. 1, 2.

28 U.S.C. § 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding [in forma pauperis] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Mr. Kidd has a long litigation history and has filed at least three cases which

1

have been dismissed as frivolous or for failure to state a claim. See Kidd v. Perry, No. 9:10cv57 (E.D. Tex. July 23, 2010) (no appeal); Kidd v. Obama, No. 1:09cv1657 (D.D.C. Oct. 30, 2009), affirmed, 387 Fed. Appx. 2 (D.C. Cir. 2010); Kidd v. Livingston, No. 3:09cv168 (S.D. Tex. April 3, 2012) (no appeal).

Mr. Kidd has exceeded the three "strikes" allowed by the Prison Litigation Reform Act to a prisoner attempting to proceed in forma pauperis in a federal civil lawsuit. As such, he cannot proceed in forma pauperis unless he can show that he qualifies for the "imminent danger of serious physical injury" exception of Section 1915(g). Mr. Kidd's allegations regarding money being taken from his prison account do not establish "imminent danger of serious physical injury."

While ordinarily litigants are given a period of time to pay the full filing fee of $350.00, Mr. Kidd should not be allowed to do so in this case given his abusive litigation practices. He should have known that he could not submit additional complaints without payment of the filing fee or demonstrating imminent danger of serious physical harm.

Mr. Kidd is not entitled to a ten-day period to object. Minetti v. Port of Seattle, 152 F.3d 1113, 1114 (9th Cir. 1998) (per curiam). No motion for reconsideration will be entertained.

It is **RECOMMENDED:**

2

The motion to proceed in forma pauperis C.D. 1 should be denied pursuant to 28 U.S.C. § 1915(g). The Clerk of Court should be directed close the case and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

DATED this 16th day of October, 2012.

      /s/ Keith Strong
      Keith Strong
      United States Magistrate Judge